IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | Case No. |
|---|---|
| v. | |
| DAVID JOSEPH GIETZEN, | |
| Defendant. | Filed Under Seal |

### GOVERNMENT'S MOTION TO SEAL INDICTMENT AND DELAY ENTRY OF THIS CASE ON THE PUBLIC DOCKET

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place under seal the indictment, this motion and proposed order, and any order granting this motion, and to delay entry of this criminal case on the public docket until the arrest warrant for the defendant, DAVID JOSEPH GIETZEN, is executed, at which time the indictment and related documents shall be automatically unsealed. In support thereof, the Government states as follows:

On March 25, 2022, the defendant was charged by complaint with violations of 18 U.S.C. § 111(a)(1) & (b) (Assaulting, Resisting or Impeding Certain Officers with a Deadly or Dangerous Weapon); 18 U.S.C. § 231(a)(3) (Obstruction of Law Enforcement During Civil Disorder); 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds), 18 U.S.C. § 1752(a)(2) (Disorderly Conduct in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(4) (Engaging in Physical Violence in a Restricted Building or Grounds) in Case No. 22-mj-73. The complaint and all related documents were placed under seal by order of Magistrate Judge Zia M. Faruqui. On April 1, 2022, the defendant was charged by indictment with violations of the same offenses, as several additional offenses.

Public disclosure of the existence of the indictment might alert the defendant, along with any other targets, that he is under investigation, which could cause the defendant and any other associates, to destroy or conceal incriminating evidence or to attempt to evade arrest.

As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the indictment are not accessible on the public docket is narrowly tailored to serve that compelling interest. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an indictment, or a resulting sealing order, means that the defendant is charged with a crime, and that the government intends to arrest the person. Thus, if this motion or a sealing order were to become public, it would be the same as making public the indictment.

To ensure that the indictment and related documents are unsealed promptly upon the arrest of the defendant, the government requests that these documents be automatically unsealed by operation of the Court's order, and that the government be permitted to share the documents publicly at that time.

WHEREFORE, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, the indictment, this motion and proposed order, and any order granting this motion, and to delay entry of this criminal case on the public docket until the arrest warrant for the defendant has been executed, at which time the indictment and related documents shall be automatically unsealed and may be publicly shared by the government.

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              UNITED STATES ATTORNEY
                                              D.C. Bar No. 481052

By:    */s/ Alison B. Prout*
        Alison B. Prout
        Assistant United States Attorney
        Georgia Bar No. 141666
        75 Ted Turner Drive, SW
        Atlanta, Georgia 30303
        (404) 581-6100
        alison.prout@usdoj.gov