# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

                                                   :

     v.                                    :            1:22-cr-116 (CJN)

                                                     :

DAVID JOSEPH GIETZEN

## SCHEDULING ORDER

Trial is set to commence in this matter on Monday, **August 28, 2023**, at 9:00 a.m. in Courtroom 17. The pretrial conference will be held at 9:00 a.m. that day, and jury selection will begin at 1:00 p.m. unless the Parties notify the Court that they intend to proceed with a bench trial. The following deadlines shall govern pretrial proceedings:

1. The Parties shall file any pretrial motions (including motions *in limine* or other motions to exclude evidence) by **June 28, 2023**. Oppositions to any such motions shall be filed by **July 12, 2023**. Any reply shall be filed by **July 19, 2023**. The Parties shall also meet and confer before filing to discuss whether any issues presented by the motions can be resolved by agreement of the Parties.

2. The United States shall notify Defendant of its intention to introduce any Rule 404(b) evidence not already disclosed by **August 9, 2023**.

3. The parties shall also file with the Court, no later than **August 14, 2023**, a Joint Pretrial Statement that contains:

   a. A neutral statement of the case.  The Parties shall include a neutral statement of the case for the Court to read to prospective jurors.

b.  Proposed *voir dire* questions.  The Parties shall indicate:

    i.  the *voir dire* questions on which the parties agree; and

    ii.  the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question

c.  Proposed jury instructions.  The Parties shall submit a list of proposed jury instructions, followed by the text of each proposed instruction, that indicates:

    i.  the instructions on which the parties agree; and

    ii.  the instructions on which the parties disagree, with specific objections noted below each disputed instruction; and the proposed instruction's source (*e.g.*, the Red Book, Matthew Bender's Federal Jury Instructions) or, for modified or new instructions, supporting legal authority (*e.g.*, *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 556 (D.C. Cir. 1993)).

        Proposed instructions may be updated as needed to reflect the evidence presented at trial.  Absent a showing of good cause, no other modifications will be permitted.

d.  List of witnesses.  The parties shall identify the witnesses that each side anticipates it may call in its case-in-chief, divided into the following categories:

    i.  witnesses who will be called to testify at trial;

    ii.  witnesses who may be called to testify at trial; and

    iii.  witnesses whose testimony a party will present by deposition or other prior testimony, indicating whether the presentation will be by transcript or video.

        The Court will read the list of witnesses to the jury during *voir dire*.  In the list, each witness name should be accompanied by a brief description

of each witness's expected testimony and area of expertise, if applicable, followed by specific objections, if any, to each witness.

e. <u>Exhibit lists.</u>  The Parties shall include a list of trial exhibits (including demonstratives, summaries, or other specially prepared exhibits), which includes:

  i.  the exhibit number for each document;

  ii.  the date of the document;

  iii.  a brief description of the document;

  iv.  a concise statement of the asserted basis for admissibility; and

  v.  whether there is an objection to admission of the document and, if so, a concise statement of the basis for the objections.

f. <u>Stipulations.</u>  The parties shall submit a draft of all stipulations.

g. <u>Proposed verdict form.</u>  The parties shall include a draft verdict form, including any proposed special interrogatories.  The draft verdict form should include a date and signature line for the jury foreperson.

h. The Parties must submit to chambers a printed copy of the Joint Pretrial Statement tabbed and in a three-ring binder.  The Parties must submit an electronic version of all proposed *voir dire* questions, jury instructions, and verdict forms in Word format by emailing them to Chambers at Nichols_Chambers@dcd.uscourts.gov.  The jury instructions section must be formatted so that each individual jury instruction begins on a new page.

5. The Parties shall deliver to the Court and opposing counsel, in electronic format (either by disc or thumb drive), a copy of all of its exhibits, marked by exhibit number, by **August 16, 2023**, except that exhibits not readily available in electronic format (e.g., the exhibit is a physical

object, not a document, video, or audio) need not be submitted. The delivery of exhibits in electronic format to the Court and opposing counsel is to aid the Court and the parties in preparing for the presentation of evidence at trial, and it does supplant Local Criminal Rule 56.2.

6. The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief by **August 7, 2023**. Any *Brady* materials not already disclosed must be disclosed by this date.

7. The Parties shall meet and confer about exhibits and witnesses by **August 16, 2023**, to discuss anticipated objections and stipulations for admission.

8. The Court will schedule hearings on any motions filed by the Parties as necessary.

9. Counsel shall appear on **August 21, 2023**, at 1:00 p.m. by telephone for a status conference.

**SO ORDERED** this 15th day of June 2023.

_____
HON. CARL J. NICHOLS
UNITED STATES DISTRICT JUDGE