UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
|                                                              ) | |
|             v.                                             ) | Case No. 22-cr-116 (CJN) |
|                                                              ) | |
| DAVID JOSEPH GIETZEN             ) | |

**DEFENDANT GIETZEN'S MOTION *IN LIMINE* AS TO CERTAIN SUBJECTS**

Defendant Gietzen, through counsel, moves the Court to exclude various categories of evidence the defendant anticipates that the government may intend to introduce at trial.

"[M]otions *in limine* are a means for arguing why 'evidence should or should not, for evidentiary reasons, be introduced at trial.' " *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (emphasis omitted) (quoting *Williams v. Johnson*, 747 F. Supp. 2d 10, 18 (D.D.C. 2010)). They "are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.' " *Id*. at 10 (quoting *Bradley v. Pittsburgh Bd. of Educ*., 913 F.2d 1064, 1069 (3d Cir. 1990)). They also pre-emptively preclude tainting the jury with inadmissible or prejudicial evidence, which once presented, cannot be cured with a motion to strike or a jury instruction. While it is true that the Court has "broad discretion in rendering evidentiary rulings, ... which extends ... to the threshold question of whether a motion *in limine* presents an evidentiary issue that is appropriate for ruling in advance of trial." *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 79 (D.D.C. 2013), the Court also has a duty to exclude evidence that is inadmissible (Fed. R. Evid. 103(d)) or unfairly prejudicial (Fed. R. Evid. 403)

1

Mr. Gietzen submits that the following evidence is irrelevant and inadmissible under Federal Rules of Evidence 401 and 402. If the Court determines that that the evidence is relevant, it should be excluded on the basis that its probative value is outweighed by the danger that it will unfairly prejudice the jury, under Federal Rule of Evidence 403.

**Statement of Relevant Facts**

Mr. Gietzen is charged in an eight-count indictment relating to the events at the U.S. Capitol on January 6, 2021. Mr. Gietzen's identity came to light when several tipsters contacted the FBI and identified him as someone they recognized from a photo posted online by the FBI on a website containing photos of individuals wanted in connection with the riots at the Capitol. At least one tipster reported their concern that Mr. Gietzen planned to attend the presidential inauguration scheduled January 20, 2021, with his brother and that their plan was to force his way into the Capitol and force Congress to hold another election.

Included in discovery are videos that are "open source" videos that depict the "attack" on the Capitol. Previous trials involving the events of January 6 have included montage videos depicting various individuals who are not associated with Mr. Gietzen in conflict with officers or behaving aggressively. Some of these videos are titled using inflammatory words such as "attack" and "storming." Additionally, such prejudicial words have been used by the government in other prosecutions.

**Evidence to be Excluded**

1. Any text messages and conversations in any other app found on the cell phones seized from Mr. Gietzen that mention or discuss matters unrelated to the events of January 6, 2021.

2. Any text messages or conversations in any other app found on the cell phones seized from Mr. Gietzen that mention the presidential inauguration ("inauguration") scheduled on January 20, 2021, and Mr. Gietzen's intention to attend the inauguration.

3. Any photos, images or videos found on the cell phones seized from Mr. Gietzen that are unrelated to the events of January 6, 2021.

4. Any statements made by witnesses and/or informants to investigators and/or law enforcement officers about Mr. Gietzen's plans to attend the inauguration.

5. Any statements made by witnesses and/or informants regarding their opinion of Mr. Gietzen's mental health – before, during and after the offense date.

6. Any reference to Mr. Gietzen and other individuals from that day as "rioters," "insurrectionists," "attackers," or any other inflammatory term.

7. Any pictures or video filmed by reporters or other media outlets that have been selectively edited or otherwise modified to be confusing or misleading.

8. Any Government-created video montages depicting edited, general January 6 footage or other "highlight reel" footage, including those that increase the density of property destruction, confrontations with law enforcement, or assaults.

For the foregoing reasons, and for any other reasons set forth at a hearing on this motion or in supplemental pleadings, and that this Court may deem just and proper, the Court should grant these motions.

Respectfully submitted, June 28, 2023.

                                      Louis C. Allen, III
                                      Federal Public Defender

                                      /s/ Lisa S. Costner
                                      LISA S. COSTNER
                                      Assistant Federal Public Defender
                                      North Carolina State Bar No. 14308
                                      251 N. Main Street, Suite 849
                                      Winston-Salem, NC 27101
                                      (336) 631-5278, Ext. 5172
                                      Email: lisa_costner@fd.org

                                      /s/ Ira Knight
                                      IRA KNIGHT
                                      Assistant Federal Public Defender
                                      North Carolina State Bar No. 43817
                                      301 N. Elm Street, Suite 410
                                      Greensboro, NC 27401
                                      (336) 333-5455
                                      Email: Ira_Knight@fd.org

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Elizabeth Eriksen
Rebekah Lederer
Assistant United States Attorneys

Respectfully Submitted,

Louis C. Allen, III
Federal Public Defender

<u>/s/ Lisa S. Costner</u>
LISA S. COSTNER
Assistant Federal Public Defender
North Carolina State Bar No. 14308
251 N. Main Street, Suite 849
Winston-Salem, NC 27101
(336) 631-5278, Ext. 5172
Email: <u>lisa_costner@fd.org</u>

<u>/s/ Ira Knight</u>
IRA KNIGHT
Assistant Federal Public Defender
North Carolina State Bar No. 43817
301 N. Elm Street, Suite 410
Greensboro, NC 27401
(336) 333-5455
Email: Ira_Knight@fd.org